UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:07CV-P60-M

**MARVIN HODGE**                                                                               **PLAINTIFF**

**v.**

**GRAYSON COUNTY JAILER DARWIN DENNISON** *et al.*               **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the parties' cross motions for summary judgment (DNs 10, 14, & 19).  Fully briefed, this matter is ripe for decision.  For the reasons that follow, the Court will grant Defendants summary judgment on all Plaintiff's claims.

## I.  FACTS

Plaintiff, Marvin Hodge, was a convicted state inmate.[1]  He was classified as a Class C or Class D felon.  Accordingly, the Commonwealth sent him to the Grayson County Detention Center ("GCDC") to serve out his term of state imprisonment.  *See* KY. REV. STAT. § 532.100.[2] Plaintiff was incarcerated at GCDC from approximately September 22, 2006, until January 31, 2007.  Plaintiff alleges that while incarcerated at GCDC he was charged both per diem housing fees and medical co-pays.  Upon his transfer to a state facility, Plaintiff signed a document acknowledging the he owed the jail $161.50 for fees and purchases he incurred while at the jail. It appears that the jail is still trying to collect this amount from Plaintiff.

Plaintiff alleges that charging him the medical and per diem fees violated his procedural

---

[1]Since filing this action, Plaintiff has been released from state custody.

[2]This statute permits the Commonwealth to incarcerate various classes of inmates at county jails if certain circumstances are met.  There appears to be no dispute that Plaintiff was properly incarcerated at GCDC pursuant to this statute.

due process rights under the Fourteenth Amendment of the United States Constitution because he should have been provided with a predeprivation hearing before the charges were levied against him.  Plaintiff also argues that the fees violate state law because the Commonwealth is obligated to pay for the housing and medical needs of state prisoners housed in county jail facilities.  As a result, Plaintiff sued GCDC Jailer Darwin Denninson and the Grayson County Fiscal Court.  A review of the complaint and other relevant documents in the record reveals that Plaintiff's theory is that it was Defendants' policy and practice to charge state inmates these "unlawful" fees in an effort to collect additional money for the jail.

Defendants concede that Plaintiff was charged medical co-pays during his stay at GCDC, but contend that the charges are permissible under Kentucky law.  Defendants dispute that Plaintiff was charged per diem housing fees.  Instead, Defendants explain by way of an affidavit from GCDC Deputy Jailer Rebecca Oller that on January 10, 2007, Plaintiff was examined by a jail nurse for asthma, bronchitis, and chronic obstructive pulmonary disease.  Defendants state that Plaintiff was assessed a legal $10.00 co-pay for this visit pursuant to Kentucky statute.  However, on January 18, 2007, Ms. Oller states that she inadvertently recorded the medical co-pay as a "housing fee" instead of a "medical fee" when entering the data into a computer.  Thus, Defendants argue that Plaintiff was never actually charged per diem housing fees, and that any charges for medical co-pays were legal and did not violate Plaintiff's constitutional rights.

Plaintiff has not come forward with any evidence to contradict Ms. Oller's statement that the January 18, 2007, charge for a housing fee was the product of a mistake rather than a systematic effort to charge Plaintiff illegal per diem fees.  In fact, the documents submitted by Plaintiff belie this allegation as they show that only one "housing fee" was collected from

2

Plaintiff.  If the jail was systematically charging state inmates per diem housing fees one would expect to see daily entries for such fees.  Rather, Ms. Oller's statement coupled with the documents submitted by the parties supports Defendants' argument that Plaintiff was actually charged a medical co-pay for his January 10, 2007, medical visit that was later incorrectly recorded and assessed as a housing fee.  Even so, two questions remain, 1) was Plaintiff entitled to a predeprivation hearing under the Fourteenth Amendment before the charges were assessed against him; and 2) did the fact that Defendants charged Plaintiff a medical co-pay violate his rights under the United States Constitution.

## II. LEGAL STANDARD

In order to grant a motion for summary judgment, the Court must find that "the pleadings, the discovery and disclosure material on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  The moving party bears the initial burden of specifying the basis for its motion and of identifying the portion of the record which demonstrates the absence of a genuine issue of material facts.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Once the moving party satisfies this burden, the non-moving party themselves thereafter must produce specific facts demonstrating that a genuine issue of fact exists for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show that there is some "metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Co.*, 475 U.S. 574, 586 (1986).  The Rule requires the non-moving party to present "specific

facts showing a genuine issue for trial." FED. R. CIV. P. 56(e).  "The mere existence of scintilla of evidence in support of the [non-moving party's] position will be insufficient, there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

### III.  ANALYSIS

**A.      Plaintiff's Procedural Due Process Rights Were Not Violated Even Though He Was Not Provided With a Predeprivation Hearing**

Plaintiff's claim falls within the purview of the Fourteenth Amendment's protection, which provides that the state may not deprive a person of his property without due process of law.  The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a claim cognizable under the Due Process Clause.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. (1981), *rev'd on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).  An inmate may, however, bring a due process claim without showing that the state possesses an adequate post-deprivation remedy where the state employee deprived the prisoner of property, pursuant to "an established state procedure."  *Id.* at 534.  In those circumstances, the Supreme Court opined that the state can provide a predeprivation hearing.  *Id.*  Yet, under this rationale merely because the individual employee himself may foresee the intentional deprivation, his foresight alone is simply insufficient to hold the state itself liable.  Rather, "[t]he controlling inquiry is solely whether the state is in a position to provide for predeprivation process."  *Id.* The Sixth Circuit has, thus, held that to prevail on a procedural due process claim, a plaintiff must (1) demonstrate that he is deprived of property as a result of established state procedure that itself violates due process rights; or (2) prove that the defendants deprived him of property

4

pursuant to a "random and unauthorized act" and that available state remedies would not adequately compensate for the loss. *See Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991).  An inmate has the burden of pleading and proving that the state remedies for redressing the wrong are inadequate.  *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir.1983).  Kentucky's statutory remedy for such losses has been deemed adequate.  *Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985).

The Sixth Circuit recently held that the Federal Constitution does not require the state to provide inmates with a predeprivation hearing prior to assessing fees against them.  In *Sickles v. Campbell County*, 501 F. 3d 726, 730 (6th Cir. 2007), the Sixth Circuit explained that a predeprivation hearing was not required because: 1) the private interests at stake are "small in absolute in relative terms"; 2) the risk of erroneous deprivation is small; 3) the benefits of a predeprivation hearing are small; and 4) the government's interests--sharing the costs of incarceration and furthering offender accountability--are substantial.  As such, the Sixth Circuit held that "in view of the modest private interests at stake, the small risk of error, the limited benefits of additional safeguards and the unchallenged government interests in the policy, we see no need to 'constitutionaliz[e] . . . [these] government procedures' and to impose the 'additional cost in terms of money and administrative burden' that such a predeprivation procedure would require."  *Id.* at 731 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 347 (1976)).  Thus, the case law in this circuit is clear that GCDC was not required to provide Plaintiff with a predeprivation hearing before assessing the medical co-pays.

Still, Plaintiff could conceivably prevail as Ms. Oller's action in assessing a per diem fee against Plaintiff was the product of a "random and unauthorized act."  The first problem with this

5

claim, however, is that Plaintiff has not sued Ms. Oller individually.  Even if he had, however,

his claim would fail.  While admittedly, Ms. Oller incorrectly assessed a housing fee against

Plaintiff as part of this process, Plaintiff has not shown that the state failed to provide him with a

postdeprivation remedy for this assessment.  Like the plaintiffs in *Sickles*, Plaintiff Hodge has

utterly failed to allege that he "challenged the withholding policy through [the] grievance

procedures, [or] explain why the grievance and other postdeprivation procedures fail to protect

[his] interests in preventing a flawed withholding."

 Accordingly, because Defendants were not as a matter of law required to provide

Plaintiff with a predeprivation hearing and because Plaintiff has failed to include the party

responsible for the incorrect assessment as a Defendant in this action and to demonstrate that the

postdeprivation remedies provided by the state are inadequate to address the erroneous

assessment, the Court finds that Defendants are entitled to summary judgment on Plaintiff's

procedural due process claim.

**B. The Assessment of a Medical Co-Pay Did Not Violate Plaintiff's Constitutional Rights**

 Prisons and jails are entitled to charge inmates for necessities and medical care.

*White v. Corr. Med. Servs*., 94 F. App'x 262, 264 (6th Cir. 2004) ("It is constitutional to charge

inmates a small fee for health care where indigent inmates are guaranteed service regardless of

ability to pay.").  A violation of the Eighth Amendment only occurs if the prison or jail

conditions the right to receive necessary care or necessities on the payment of such fees.  *See*

*Reynolds v. Wagner*, 128 F.3d 166, 173-174 (3d Cir. 1997).  In this case, Plaintiff is not alleging

that he was denied medical care or necessities.  As such, he has failed to state an Eighth

Amendment claim.  *Id.*  Additionally, the Sixth Circuit has implicitly rejected the notion that

6

charging a medical co-pay constitutes a "taking" under the Fifth Amendment because the inmates receive services in exchange for the payment.  *See Bailey v. Carter*, 15 F. App'x  245, 251 (6th Cir. 2001) ("The copayment fee was deducted from their accounts in exchange for medical services.") (citing  *Jensen v. Klecker*, 648 F.2d 1179, 1183 (8th Cir. 1981)).

Finally, Plaintiff appears to be basing his constitutional claim at least in part on his contention that charging him the fees violated Kentucky law.  First, the Court observes that in *Sickles* the Sixth Circuit explained that a violation of state laws related to inmate charges does not rise to the level of a violation of the Federal Constitution:

> In resisting this conclusion, Sickles and Hensley argue that Kentucky law is inconsistent with Campbell County's withholding policy.  *See* KY. REV. STAT. § 441.265.  . . .  Although the Fourteenth Amendment requires a State to provide a fundamentally fair process "at a meaningful time and in a meaningful manner," *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965), it is not violated every time a county violates a state law--particularly a state law that does not purport to define a property interest or a pertinent liberty interest, *see, e.g., Collins v. City of Harker Heights*, 503 U.S. 115, 119 (1992) (Section 1983 "does not provide a remedy for abuses [of state power] that do not violate federal law.").

*Sickles*, 501 F.3d at 732.

 Second, a review of the state statute at issue reveals that the county is permitted to charge medical co-pays to state prisoners.  Kentucky Revised Statute § 441.265(9) provides: "No medical reimbursement, ***except that provided for in KRS 441.045***, shall be charged to any prisoner that the Department of Corrections is financially responsible for housing."  (emphasis added).  Kentucky Revised Statute § 441.045 provides in relevant part:

> (5) The cost of providing necessary medical, dental, or psychological care, beyond routine care and diagnostic services, for prisoners held pursuant to a contractual agreement with the state shall be paid as provided by contract between the state and county. The costs of necessary medical, dental, or psychological care, beyond routine care and diagnostic services, of prisoners held in the jail for which the county receives a per diem payment shall be paid by the state.

7

. . .

(12) Notwithstanding other provisions of this section to the contrary, *a jail may impose a reasonable fee for the use of jail medical facilities by a prisoner who has the ability to pay for the medical care.* These funds may be deducted from the prisoner's inmate account. A prisoner shall not be denied medical treatment because he has insufficient funds on his inmate account. This subsection shall not preclude other recovery of funds as provided in this section.

Under KY. REV. STAT. § 441.045(12), the jail was permitted to charge Plaintiff a co-pay notwithstanding the fact that the state was responsible for his "necessary medical care." As such, it does not appear that the GCDC violated state law when it charged Plaintiff the medical co-pay.

### IV. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment (DN 10) is **GRANTED** and Plaintiff's motions for summary judgment (DNs 14 & 19) are **DENIED**. **IT IS SO ORDERED**. Consistent with this Memorandum Opinion and Order, the Court will enter a separate judgment in favor of Defendants.

Date:

cc:    Plaintiff, *pro se*
        Counsel of Record
4414.008

8